## KING v. GALVIN.

*Execution — levy upon property of third person — when sheriff not liable. Estoppel.*

Plaintiffs bought of P. a store of goods worth $6,000. They afterward purchased elsewhere $150 worth of goods, which they placed in the store. Defendant, a sheriff, upon execution against P., seized goods worth $2,100, including the $150 worth, which he was notified did not belong to P. P. was thereafter declared bankrupt, and the sale from him to plaintiffs was declared fraudulent, and plaintiffs liable for the value of the goods purchased, $6,000. They were allowed, however, to and did deduct $2,100 for the goods taken by the sheriff. *Held* (JAMES, J., dissenting), that the sheriff was not liable to plaintiffs for the $150 worth of goods wrongfully taken.

APPEAL by plaintiffs from a judgment in favor of defendant, entered upon a verdict directed by the court and from an order denying a new trial.

The action was brought by Henry C. King and another against Michael Galvin, to recover the value of goods alleged to belong to

plaintiffs, and taken by defendant as sheriff upon an execution against one Phillips. Plaintiffs purchased a store of goods of Phillips valued at $6,000. Afterward they purchased, elsewhere, $150 worth of goods, which they placed in the store. The defendant levied upon and took possession of goods in the store, including the $150 purchase. At the time of levy defendant was notified of the fact of subsequent purchase, and forbidden to take such goods. Plaintiffs then brought this action. Bankruptcy proceedings were subsequently instituted against Phillips; he was adjudged a bankrupt and an assignee appointed. The sale from Phillips to plaintiffs was declared fraudulent and void. The value of the goods sold was fixed at $6,000, but on account of the seizure and sale under execution of a part of the goods, the recovery against plaintiffs was only $3,900. Such other facts as are material appear in the opinions.

*J. M. Carroll*, for appellants.

*J. E. Dewey*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The first point is, whether there was any question of fact which should have been submitted to the jury.

The only question as to which this could be claimed, was whether the goods, about $150 in value, which were not bought of Phillips, were part of those for which the sum of $2,100 was allowed in the bankruptcy proceedings.

The register testified that the deduction, $2,100, was "for all the goods taken on execution." There is no dispute that these goods were so taken. Again, he says, "I took into consideration all the goods which appeared to have been taken by the sheriff." He testifies, it is true, that he made up the *value* from all the evidence. But the point now is not as to the value, but as to the including of these goods, not bought from Phillips, in the credit allowed plaintiffs by the register in bankruptcy.

Norton says, "it was not claimed that any of the goods were bought of any person other than Phillips."

Wendell says, "they were spoken of as the goods taken from the store by Galvin." Galvin said, that "the $2,100 embraced all the goods taken by him and sold at sheriff's sale."

I see no conflict of evidence. The goods were spoken of as Phillips' goods, and were so treated on the bankruptcy proceedings. That fact is the very ground of the defendant's defense in this action. But, in fact, the goods so treated did include the $150 worth of goods now in controversy.

*Second.* On the question of law.

A judgment creditor of Phillips takes on execution property of the plaintiffs as being Phillips' property, and sells it. The assignee in bankruptcy of Phillips sues plaintiffs for property of Phillips fraudulently purchased by them. He recovers against them, but they claim to deduct, and are allowed to deduct, from such claim against them whatever the sheriff, by virtue of execution against Phillips, has taken away from them.

Then the case stands thus : As against Phillps' creditors, and, therefore, as against Phillips ( represented by the assignee in bankruptcy ), the plaintiffs have claimed and established that these goods in question were bought by them of Phillips, and taken from them by a judgment creditor of Phillips ; and that they were, therefore, lost to them by the levy under the execution. Now, they cannot be allowed to turn around and say that these goods were not bought by them of Phillips.

The plaintiffs were parties to the litigation before the referee in bankruptcy. It was a proceeding against them. They knew, and they could there have stated, that the sheriff's levy included goods, to the amount of $150, which never had belonged to Phillips, and for which they had ample remedy against the sheriff. And they could have had this $150 deducted from the credit, $2,100, which they were allowed. But they did not do this. Now they must stand by the position which they then took.

Suppose, to illustrate, that in fact, the sheriff, with an execution against Phillips, had levied on no goods which had been bought by the plaintiffs of Phillips, but exclusively on goods bought by them of others than Phillips ; then the plaintiffs are sued by the assignee in bankruptcy for the goods which they had fraudulently bought of Phillips, and in that suit they set up and prove that the sheriff, with an execution against Phillips, had taken away part of these Phillips goods, concealing the fact that he had really by mistake levied on other goods. They succeed in this defense and are credited that amount upon the claim of the assignee. Would they not then be equitably estopped from claiming that the goods which the

sheriff had levied upon were not goods bought of Phillips? They would have made Phillips, or his creditors, pay for them in the bankruptcy suit. That is, Phillips, or his creditors, would have recovered against them in the bankruptcy suit just as much less as these goods were worth. Now, can they make another creditor pay for them again?

Their offset in the bankruptcy proceeding was sustained on the ground that a creditor of Phillips had *lawfully* taken away the goods. Shall they now say that the taking was unlawful?

That would be unjust. The judgment and order must be affirmed.

JAMES, J., dissenting. The purpose of the motion for a new trial in this case is not perceived. A motion for a new trial is only available to enable a party to review the verdict of a jury; the rulings and decisions of the court are presented upon exceptions. In this case there was no passing upon the evidence by the jury — their verdict was, by direction of the court, merely *per forma*. If there was any error on the trial, it was that of the court, not of the jury, and the appeal from the judgment brought up for review all exceptions to, or rulings of the court; the motion for a new trial on the minutes was therefore out of place, and properly denied.

The case seems to be this: The plaintiffs purchased a stock of goods of one Phillips on the 22d of June, 1869, valued at $6,000, and took possession of the goods and store. Between that day and the 3d of July, the plaintiffs purchased other goods (leather, boots and shoes), and put in said store, of the value of $150. On July 3d, the defendant, as sheriff, levied, by virtue of several executions against Phillips, upon certain of the goods in said store bought of Phillips, and also upon the said leather, boots and shoes subsequently purchased, and removed the same; at the time of such levy and removal, the goods so subsequently purchased were pointed out to defendant, he notified of such subsequent purchase, and forbidden to meddle with them; this notice he disregarded.

On the 17th of September, 1869, a petition in bankruptcy was filed against said Phillips; on the 21st day of December, he was adjudged a bankrupt, and in January, 1870, one George Day was appointed assignee. Subsequently, said assignee filed his petition

in the bankrupt court, asking that plaintiffs deliver to him the goods so purchased of Phillips ; plaintiffs put in an answer, and thereby presented an issue, which was referred to a register for trial ; proofs were taken, and, on the coming in of the report, a decree was entered, declaring the insolvency of Phillips, the sale to plaintiffs fraudulent and void, the value of the goods taken from Phillips $6,000 ; and further holding that, as a portion of them had been taken and sold under executions against Phillips before proceedings in bankruptcy were commenced, the recovery by the assignee against these plaintiffs should be $3,900.

The complaint in this action demanded $1,700 ; it was commenced July 8, 1869, before the proceedings in bankruptcy ; it was tried in February, 1874, and before trial plaintiff stipulated not to make claim for any goods bought of Phillips.

At the close of the evidence, the defendant's counsel requested the court to direct a verdict for the defendant, on the ground that the plaintiffs derived a benefit from the decision in bankruptcy, by its deducting from $6,000, the value of the goods fraudulently purchased, $2,100, as the value of the goods levied upon by the defendant, which levy included the goods claimed for in this action; that such deduction was, in legal effect, a transfer of plaintiffs' title to the assignee, thereby making plaintiffs full satisfaction ; that plaintiffs having elected their remedy and obtained satisfaction, they could not again have satisfaction for those goods. The court granted their request.

It is quite certain that the tort for which this action was pending was not tried in the bankruptcy court, and could not have been there tried, as the defendant was not a party thereto. The issue before the register was the validity of the sale by Phillips to these plaintiffs, and the claim by plaintiffs that, if their purchase from Phillips was void, they should not be held for the full value of the goods purchased, but only for such as were left after deducting that portion of Phillips' goods the sheriff had taken on execution against Phillips.

As the value of the goods was adjudged at $6,000, and the decree was for only $3,900, it shows that $2,100 was the sum allowed as such deduction, and it is claimed that that allowance included the value of the leather, boots and shoes tortiously taken by defendant, and for which this action is prosecuted. It is not by any means certain that the value of these last-mentioned goods

formed any portion of the $2,100 deducted, nor do I think it of any consequence.

On the hearing before the register the testimony upon the question whether or not the proceeds of the leather, etc., formed a part of the $2,100 was conflicting; and therefore, if *a material* question, it should have been submitted to the jury. As a specimen of the testimony, the register said, that the deduction was made from the whole stock *bought* of Phillips, of all the goods taken on execution; "I made up the value of the goods taken by the sheriff from all the evidence;" that certain witnesses answered, "that the sheriff took a little over one-third of all the goods purchased of Phillips, and that was the data from which I made up the sum."

The sheriff, the defendant here, was called and sworn; he furnished no schedule of the property levied upon, of the property sold, or any account of sales by him as sheriff, or any statement of the property, if any, on hand. He knew he had been forbidden to take this leather, etc., had been sued for taking it, and that the suit was still pending; and yet he furnished no evidence to the register of the amount of money realized from the goods taken by him; how much from those claimed by plaintiffs, and how much from those formerly belonging to Phillips; or of their separate values; but allowed the register to jump at a conclusion as to the sum. Fixing the sum as he did, at a little over one-third of the value of the whole of Phillips' stock, demonstrates the testimony that controlled him

But conceding the value of the leather, etc., levied on, was included in the sum $2,100, deducted from the $6,000, it in no way constitutes a defense for the defendant to this action. The proceeding before the register was in regard to the Phillips goods; the sum for which plaintiffs were liable was the value of the Phillips goods in the plaintiffs' hands at the time of the petition in bankruptcy, nothing more; and if, in ascertaining the value of those goods, the register made deductions for property taken by the sheriff, not belonging to the Phillips stock, such erroneous deduction did not inure to the benefit of this defendant.

This was not a case of election of remedies; these plaintiffs did not ask to have the value of their goods, tortiously taken, adjusted by the register. There is no proof that plaintiffs had any knowledge of how the register made up the sum for deduction; they asked that the value of the Phillips goods, taken by the sheriff, be

deducted from the value of the goods bought by them of Phillips, and they only charged with the balance. They never assented, knowingly, to any adjudication and deduction of other goods. Hence they were not estopped.

The leather, etc., were not the property of the plaintiffs at the time of the hearing before the register; by defendant's tortious acts the property had been converted, and become his; and if as a witness on the stand, having the opportunity, and full knowledge of all the facts, he omitted to show exactly how much he realized from the Phillips goods, and how much from the goods claimed by plaintiffs, and make known the claim to the latter; but, without explanation or protest, allowed the proceeds of both, to go to make up the sum of deduction, it was his own fault and not the plaintiffs'; and he is the one who should be held estopped.

The claim for these goods was not property, but a chose in action, and the plaintiffs' right thereto could not be changed by the acts or mistakes of third parties, without plaintiffs' express assent.

I think the learned judge erred in directing a verdict for the defendant, and therefore the judgment should be set aside and a new trial granted, costs to abide the event.

*Judgment affirmed.*